UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Singh et al.,                                                               Civil No. 05-1160 (JRT/FLN)

        Plaintiffs,

v.                                                                          **REPORT AND**
                                                                      **RECOMMENDATION**

Hannuman, et al.,

        Defendants.

_____

Pro Se Plaintiffs.
Pro Se Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 17, 2006, on Plaintiffs' Motion for Default Judgment [#3]. For the reasons which follow, this Court recommends that Plaintiffs' Motion be **DENIED** and that Plaintiffs' Complaint be **DISMISSED** *sua sponte* because Plaintiffs have failed to state a claim upon which relief may be granted.

## I. BACKGROUND

In their complaint, Plaintiffs state that they are suing Defendants for money damages for physical and psychological injuries sustained by Plaintiffs' as a result of several alleged domestic disputes, including alleged incidents of assault and battery perpetrated by Defendants, and other violations of their rights under 42 U.S.C. §§ 1981, 1985, 1986 and 1988. (See First, Second and Third Amended Compl.) In their complaint Plaintiffs' allege that this Court has jurisdiction to hear these claims pursuant to 28 U.S.C. §§ 1331 and 1343(3). (Third Amended Compl. at 1.)

In addition to the present case, Plaintiffs have also sued the City of Minneapolis and Minneapolis Police Officers in their individual capacity, alleging that the defendants violated 42

U.S.C. §§ 1981, 1983, 1988, the Fourth Amendment, the Fifth Amendment, the Eighth Amendment and the Fourteenth Amendment. (See Case Number 04-1595 (JRT/FLN)). Plaintiffs claims in that case were based on a similar series of alleged domestic disputes that occurred between the Singh family and the Hannuman family, and the Minneapolis Police Department's reaction to and involvement with those domestic disputes. This Court has recommended that defendants' summary judgment motion in that matter be granted, and that Plaintiffs' complaint be dismissed with prejudice. (Docket Number 80.)

In the present case, Plaintiffs filed a motion for default on August 4, 2005. (Docket Number 3.) The Court heard Plaintiffs' motion on January 17, 2006. In response to Plaintiffs' motion, the Court reviewed Plaintiffs' complaint and 42 U.S.C. §§ 1981, 1985, 1986 and 1988, the statutes cited by Plaintiffs in their complaint. After engaging in that review, the Court was unclear as to what, if any, claims were being alleged by Plaintiffs under 42 U.S.C. §§ 1981, 1985, 1986 and 1988. Therefore, the Court issued an Order on January 25, 2006, directing Plaintiffs to show cause as to why the Court should not dismiss this case *sua sponte* for failure to state a cause of action under 42 U.S.C. §§ 1981, 1985, 1986 and 1988. (Docket Number 16.) In that Order, the Court highlighted the problems in Plaintiffs' claims under 42 U.S.C. §§ 1981, 1985, 1986 and 1988. The Court stated that Plaintiffs' never once alleged that Defendants' have, or have conspired to, deprive Plaintiffs' of any of their constitutional rights. The Court noted that Plaintiffs merely describe several incidents in an ongoing family dispute between Plaintiffs and Defendants, and then state that the "unlawful actions" committed by Defendants violate 42 U.S.C. §§ 1981, 1985, 1986, and 1988. The Court informed Plaintiffs that, even assuming that all the allegations in the complaint were true, Plaintiffs allegations did not appear to amount to violations of their constitutional rights and hence would not

be actionable under any of the statutes cited by Plaintiffs. The Court ordered Plaintiffs to show cause as to why the Court should not dismiss their complaint *sua sponte* on the basis of these deficiencies.

Plaintiffs filed a response to this Court's Order on February 6, 2006. (Docket Number 19.) In that response Plaintiffs recite many of the same facts alleged in their various amended complaints. After engaging in a lengthy recitation of the facts that Plaintiffs believe to be relevant, Plaintiffs cite to 42 U.S.C. § 1985(2) and state that

> Section 1985 (2) IN RELEVANT PART, PROSCRIBES CONSPIRACIES TO 'deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter, pendingtheirin [sic], freely, fully, and truthfully, or to injure, such party or witness, in his person, or property on account, of his having so attended or testified. The statute provides that if one or more persons engaged in such a conspiracy, do or cause, to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, the party so injured, may have an action for the recovery of damages occasioned by such injury, against any one or more of the conspirator. The gist of the wrongs, done to the plaintiffs, is deprivation of property, intimidation, and retaliation, against the plaintiffs as stated.

(Docket Number 19 at 3.) Plaintiffs rely solely on 42 U.S.C. § 1985(2) in their response to show cause to the Court as to why their case should not be dismissed *sua sponte*.

## II.   LEGAL ANALYSIS

In the present case, Plaintiffs have failed to state a claim upon which relief may be granted. 42 U.S.C. § 1985(2) states that a person will be liable

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, . . . or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, *with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or*

3

> *attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.*

42 U.S.C. § 1985(2) (emphasis added). In order to allege a valid claim under 42 U.S.C. § 1985(2), a plaintiff must allege that two or more persons conspired to "deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or [conspired] to injure such party or witness in his person or property on account of his having so attended or testified," and that the conspirators did so "with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." Unless the conspirators acted with the intent to deny a citizen the equal protection of the laws, or injured a person or his property for lawfully enforcing or attempting to enforce the right of a person or persons to the equal protection of the laws, those conspirators cannot be held liable under 42 U.S.C. § 1985(2).

Plaintiffs' various amended complaints contain numerous allegations, but none of those allegations include an allegation that Defendants engaged in any of the alleged actions with the intent to deny Plaintiffs equal protection of the laws. In their response to this Court's Order to show cause, Plaintiffs allege that Defendants instructed City of Minneapolis police officers to remove Plaintiffs from Plaintiffs own property "in retaliation for filing a lawsuit" and that Defendants have threatened Plaintiffs with physical violence if Plaintiffs send Defendants any more court papers. (Docket Number 19 at 1.) These allegations do not allege that Defendants acted with the intent to deny Plaintiffs the equal protection of the law. The only attempt at alleging such an allegation is not contained in Plaintiffs response to this Court's Order to show cause, but rather, in Plaintiffs' First Amended Complaint. In their First Amended Complaint, Plaintiffs state that they have brought

this action for money damages for

> psychological injuries, destruction of properties, theft of personal properties [and] . . . receipts, documents, invasion of their home, unjust fraud, theft of thorobred horses, live stock, animal cruelty, video tapes, pictures, loss of annimal [sic] lives, tools, jeweleries [sic], etc. unjust and unfound harassment, and for violations of their Federal civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments . . . not to have their properties and belongings, home invaded, gates chainsd [sic] and locked, their possessions seized and removed without due process of law and constitute tortious behavior on behalf of all Defendants', all while acting jointly . . . with the City of Minneapolis police officers . . . the Defendants' acted jointly and together with the City police officers to deprived the Plaintiffs . . . of their liberty interest in and co[n]stitutionally [protected] rights to their possession of their home. These torts and violations were committed by the Defendants against the Plaintiffs . . . to deter them from attending and testifying in upcoming court proceedings. The Defendants conspire with [Minneapolis Police] officers . . . to deprived [sic] the Plaintiffs of their constitutional rights, thereby [causing] them to be injured in their person and properties.

None of these allegations amount to an equal protection violation. Nor do Plaintiffs' various amended complaints contain any allegations that Defendants injured Plaintiffs for lawfully enforcing or attempting to enforce the right of a person or persons to the equal protection of the laws. Therefore, Plaintiffs have failed to state a claim under 42 U.S.C. § 1985(2), and the Court recommends that Plaintiffs' complaint be *sua sponte* **DISMISSED WITH PREJUDICE**.

### III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' motion for default [#3] be **DENIED,** and Plaintiffs' complaint be *sua sponte* **DISMISSED WITH PREJUDICE** as Plaintiffs have failed to state a claim for which relief may be granted.

DATED: February 15, 2006                         s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 7, 2006** written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 7, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.