# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| WALTER SINGH, DONNA S. LARSON, SHIV P. SINGH, | Civil No. 05-1160 (JRT/FLN) |
| Plaintiffs, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| LATCHMAN HANNUMAN, INDRANI HANNUMAN, ANDREW HANNUMAN, BALGOBIN SINGH, and TRAVIS HANUMAN | |
| Defendants. | |

Walter Singh, Donna S. Larson, and Shiv P. Singh, 3201 Fourth Avenue South, Minneapolis, MN 55408, plaintiffs *pro se*.

Latchman Hannuman, Indrani Hannuman, Andrew Hannuman, Balgobin Singh, and Travis Hanuman, 3211 Fourth Avenue South, Minneapolis, MN 55408, defendants *pro se*.

Plaintiffs allege that defendants violated their constitutional rights. In a Report and Recommendation dated February 16, 2006, United States Magistrate Judge Franklin L. Noel recommended denying plaintiffs' motion for default judgment, and dismissing plaintiffs' claims with prejudice. Currently before the Court is plaintiffs' objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court

overrules plaintiffs' objection and adopts the report and recommendation of the Magistrate Judge.

## BACKGROUND

The underlying case appears to involve a series of family disputes, most of which are financial in nature, between plaintiffs and defendants, who are also neighbors. These disputes came to a head in 2001, and plaintiffs commenced a civil lawsuit against defendants. Shortly thereafter, plaintiffs and defendants got into an argument over the lawsuit, and one of the defendants called the police. Plaintiffs allege that the police removed plaintiff Shiv Singh from "his own property," and gave his keys to his sister, defendant Indrani Hannuman. Plaintiffs further allege that they have continued to have arguments and disputes with defendants, and that defendants have called plaintiffs offensive names, have threatened plaintiffs, and have failed to comply with the scheduling order in this case.

Plaintiffs filed the instant lawsuit on June 14, 2005, raising the allegations set forth above, and asserting claims under 42 U.S.C. §§ 1981, 1985, 1986 and 1988.[1] Plaintiffs filed a motion for default judgment on August 4, 2005. In response to plaintiffs' motion, the Court reviewed plaintiffs' complaint, but was unable to determine what, if any, claims

---

[1] In addition to the present case, plaintiffs have also sued the City of Minneapolis and Minneapolis Police Officers in their individual capacity, alleging that the defendants violated 42 U.S.C. §§ 1981, 1983, 1988, the Fourth Amendment, the Fifth Amendment, the Eighth Amendment and the Fourteenth Amendment. *See* Civil Case No. 04-1595. Plaintiffs' claims in that case were based on a similar series of alleged disputes that occurred between plaintiffs and defendants, and the Minneapolis Police Department's reaction to and involvement with those disputes.

were being alleged by plaintiffs under 42 U.S.C. §§ 1981, 1985, 1986 and 1988. Therefore, the Court issued an Order on January 25, 2006, directing plaintiffs to show cause as to why the Court should not dismiss this case sua sponte for failure to state a cause of action under 42 U.S.C. §§ 1981, 1985, 1986 and 1988. In that Order, the Court highlighted the problems in plaintiffs' claims under 42 U.S.C. §§ 1981, 1985, 1986 and 1988. The Court stated that plaintiffs never once alleged that defendants have, or have conspired to, deprive plaintiffs of any of their constitutional rights. The Court noted that plaintiffs merely describe several incidents in an ongoing family dispute between plaintiffs and defendants, and then state that the "unlawful actions" committed by defendants violate 42 U.S.C. §§ 1981, 1985, 1986, and 1988. The Court informed plaintiffs that, even assuming that all the allegations in the complaint were true, plaintiffs allegations did not appear to amount to violations of their constitutional rights and hence would not be actionable under any of the statutes cited by plaintiffs. The Court ordered plaintiffs to show cause as to why the Court should not dismiss their complaint sua sponte on the basis of these deficiencies.

Plaintiffs filed a response to this Court's Order on February 6, 2006. In that response, plaintiffs recite many of the same facts alleged in their various amended complaints, and cite to 42 U.S.C. § 1985 (2). Plaintiffs relied solely on 42 U.S.C. § 1985 (2) in their response to show cause to the Court as to why their case should not be dismissed sua sponte. In a report and recommendation dated February 16, 2006, the Magistrate Judge recommended dismissing plaintiffs' case on the grounds that they had failed to set forth facts showing a violation of 42 U.S.C. § 1985 (2).

Plaintiffs object to the report and recommendation, arguing that their case should not be dismissed. Plaintiffs do not appear to raise any new facts or arguments in their objection.

## ANALYSIS

Under 42 U.S.C. § 1985 (2), it is unlawful for

> two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, . . . or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

*Id.* To prevail on a claim under § 1985 (2), a plaintiff must show that two or more defendants conspired together to injure him for participating in a federal lawsuit. *Biby v. Bd. of Regents of Univ. of Neb.*, 338 F. Supp. 2d 1063, 1075-76 (D. Neb. 2004) (citing *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988)).

Here, plaintiffs have failed to show that defendants conspired together to injure them for participating in a federal lawsuit. Rather, plaintiffs' allegations simply describe a series of disputes amongst close family members and neighbors dating back to 1990 and which continue to the present day. These internal family disputes do not form the basis for a conspiracy claim under 42 U.S.C. § 1985 (2), nor do they give rise to violations of the United States Constitution or any other federal law.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiffs' Objection [Docket No. 22] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 21]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for default [Docket No. 3] is **DENIED**.

2. Plaintiffs' Complaint [Docket No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 17, 2006                         s/ John R. Tunheim
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                     United States District Judge